647 So.2d 871 (1994)
STATE of Florida, Petitioner,
v.
Chester MAXWELL, Respondent.
No. 93-2760.
District Court of Appeal of Florida, Fourth District.
August 10, 1994.
Opinion Withdrawn on Motion for Rehearing January 18, 1995.
Opinion Republished in Full January 18, 1995.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carolyn V. McCann, Asst. Atty. Gen., West Palm Beach, for petitioner.
Carey Haughwout of Tierney & Haughwout, West Palm Beach, for respondent.
STONE, Judge.
We grant certiorari and quash an order declaring unconstitutional that part of the capital sentencing statute allowing victim impact evidence, section 921.141(7), Florida Statutes.
Respondent was convicted of first degree murder in 1981. The supreme court vacated his death sentence and ordered a new penalty phase. Maxwell v. State, 603 So.2d 490 *872 (Fla. 1992). On remand, Respondent attacked the admissibility of victim impact evidence.
Section 921.141, Florida Statutes, was amended in 1992 to provide:
(7) Victim Impact Evidence.  Once the prosecution has provided evidence of the existence of one or more aggravating circumstances as described in subsection (5), the prosecution may introduce, and subsequently argue, victim impact evidence. Such evidence shall be designed to demonstrate the victim's uniqueness as an individual human being and the resultant loss to the community's members by the victim's death. Characterizations and opinions about the crime, the defendant, and the appropriate sentence shall not be permitted as a part of victim impact evidence.
Another statute, section 921.143, Florida Statutes, allows victim statements about the extent of harm resulting from the crime being prosecuted at any felony sentencing. Article I, Section 16(b) of the Florida Constitution provides that victims of crime, including the next of kin of homicide victims, are entitled to be heard in criminal proceedings, to the extent that doing so does not interfere with a defendant's constitutional rights.
The trial court held that section 921.141(7) was unconstitutional for several reasons, including that the statute: (1) interferes with the weighing of aggravating and mitigating factors and will cause arbitrary and capricious results; (2) lacks guidance to the judge on weighing the victim impact evidence relative to the mitigating factors; (3) precludes introduction of mitigating evidence; (4) violates the separation of powers doctrine by delegating judicial power reserved to the supreme court, and (5) violates Article I, Section 10 of the Florida Constitution prohibiting the legislature from passing ex post facto laws.
It is clear that a victim impact statement should not be considered as an aggravating factor in death sentencing. Grossman v. State, 525 So.2d 833 (Fla. 1988), cert. denied, 489 U.S. 1071, 109 S.Ct. 1354, 103 L.Ed.2d 822 (1989). The eighth amendment prohibits a jury's considering statements concerning personal qualities of a victim in the sentencing phase of a capital trial, unless the evidence is otherwise relevant.
In Payne v. Tennessee, 501 U.S. 808, 111 S.Ct. 2597, 115 L.Ed.2d 720, reh'g denied, 501 U.S. 1277, 112 S.Ct. 28, 115 L.Ed.2d 1110 (1991), the United States Supreme Court recognized that the eighth amendment is not per se violated by victim impact evidence. And in Hodges v. State, 595 So.2d 929 (Fla.), cert. granted and judgment vacated on other grounds, ___ U.S. ___, 113 S.Ct. 33, 121 L.Ed.2d 6 (1992), our supreme court clarified Payne, recognizing that victim impact evidence is admissible in the sentencing phase except, as set out in the statute, for characterizations and opinions by family members about the crime, the defendant, or the appropriate sentence. Id. at 933.
Here, the trial court was concerned that victim impact evidence is "too prejudicial." However, whether such evidence is too prejudicial is a factor that may be evaluated within the exercise of the court's discretion. Admitting victim impact evidence does not, as claimed, reduce the state's burden in the sentencing phase. Admitting such evidence is relevant in sentencing, as it informs the jury, or court, of the particular harm caused. Victim impact evidence is not an aggravating factor. It is neither aggravating nor mitigating evidence. Rather, it is other evidence, which is not required to be weighed against, or offset by, statutory factors.
The trial court also was concerned that the statute infringes on the supreme court's exclusive right to regulate procedure. But, in Booker v. State, 397 So.2d 910 (Fla.), cert. denied, 454 U.S. 957, 102 S.Ct. 493, 70 L.Ed.2d 261 (1981), the Florida Supreme Court acknowledged that section 921.141, Florida Statutes, is not unconstitutional on that ground.
The trial court also held that the victim impact subsection violates ex post facto principles, because the amendment was adopted after the respondent's crime. However, section 921.141(7) does not purport to affect personal rights as it relates only to the admission of evidence. This is not unlike a change in procedure such as that upheld in *873 Glendening v. State, 536 So.2d 212 (Fla. 1988), cert. denied, 492 U.S. 907, 109 S.Ct. 3219, 106 L.Ed.2d 569 (1989). In Glendening, the court held that a hearsay exception should be applied even though it became effective after the offense.
Therefore, we conclude that the trial court departed from the essential requirements of law in ruling that the victim impact evidence statute was unconstitutional.
We certify, as a question of great public importance, the question:
IS SECTION 921.141(7), FLORIDA STATUTES, ALLOWING VICTIM IMPACT EVIDENCE, UNCONSTITUTIONAL?
ANSTEAD and POLEN, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
Respondent's motion for rehearing is denied. However, we withdraw the opinion issued August 10, 1994, and republish the opinion in full adding the following paragraph:
We certify, as a question of great public importance, the question:
IS SECTION 921.141(7), FLORIDA STATUTES, ALLOWING VICTIM IMPACT EVIDENCE, UNCONSTITUTIONAL?
STONE, POLEN, JJ., and HARRY LEE ANSTEAD, Associate Judge, concur.